1721

William Edenborn,              :   No. 7998.

vs                             :     Court of Appeal.

Singold Warehouse Co. et. als. :     Parish of Orleans.

Dinkelspiel, J.

7998

Dinkelspiel. J.

Plaitiff sues defendant company claiming that said company is a corporation; that they leased the premises belonging to plaintiff, corner of Julia and Magnolia Streets, in the City of New Orleans, said lease commencing the 5th. of January, 1919 and ending on the 5th. of January, 1936. That the lease was in writing in consideration of a monthly rental of $80. per month, payable monthly, and for which defendant gave it's promissory notes bearing interest at the rate of 8% from maturity until paid. Avering further, that defendant compnay is a corporation, organized under the laws of this state and domiciled in this City, and that N. C. Sins & Co. made themselves a party to the aforedaid contract of lease, and bound themselves in solido with said lessees for the faithful performance of the lease. That the lease contained clauses, that unless the rent was paid punctually at maturity, the whole of the unexpired term, without putting lessees in default became due and exigible, and should any claim in favor of lessor be placed in the hands of an attorney should pay as fees and compensation an additional sum of 10% of the amount due on such claim if under $150., and 20% if the amount be over $150., together with costs, charges and expenses. And further alleging, that the rent note maturing on November, 5th, 1919, being not paid at maturity, notwithstanding amicable demand, and that by the terms of the lease the remaining rent notes falling due on December, 5th. 1919, became due and exigible, and that there there is therefore due to plaintiff the full sum of $160. besides interest and counsel fees as stipulated. Annexing to the petition the lease and the two rent notes, and making same a part thereof, claiming the lessors lien and privelege upon the property to be seized, and which was seized subsequently, and prays for judgment for the amount claimed.

Subsequantly plaintiff filed a supplemental and amended petition, avering error, stating that oweing to the corporate title being used on the lease and notes made by defendants who signed the name of Singold Warehouse Co., that a mistake had been made, and

475

from information received they were not a corporation but a partnership, and therefore prayed leave f to file the sup--plemental and amended petition, and for judgment as prayed for in the original petition.

To this petition, defendant through it's attorneys filed an exception and a motion to bond in these words:-

" On motion of Miller, Miller & Fletchinger, Attorneys for the Singold Warehouse Company, a co-partnership composed of Michael C. Sins of New Orleans and Charles J2. Golding of the State of New York, named as defendants in the supplemental and amended petition filed; and on further suggesting to the Court that a writ of provisional seizure issued herein, and that movers desire to have said seizure released upon executing a bond according to law;-

" It is ordered by the Court, that defendant be and ha is hereby permitted to execute a forthcoming bond, with good and solvent security, for the amount of plaintiffs claim and costs, and upon his furnishing said bond the said seizure be released."

This was dated, New Orleans, February, 4th. 1920, and signed, Portor Parker, Judge.

And, subsequently the same parties filed an exception to the supplemental and amended petition, on the ground that same discloses no cause of action, or right of action, and the filing of said supplemental and amended petition was improvidently allowed, and praying for judgment maintaining the exception, and on the 24th. of June, 1920, the Judge of the lower Court dismissed plaintiff's suit maintaining the exception.

There is no reason, in our opinion, why the defendants, M. C. Sins & Company who were bound in solido with the Warehouse Company should have had judgment in their favor under any circumstance, and under the decisions, "want of citation is cured by the appearance and pleading of the defendant, and his consent to go to trial upon the merits without any decision upon an exception of want of citation". Livingston vs. Dick, 1 L.323;

" An apearance by an Attorney for a defendant in a cause except for the purpose of excepting to the citation, cures any want of citation." In re, Byland, 38 L. 756, again, " The absent defendant, by appearing and bonding the property attached, waives citation." Williams vs, Gilkerson, Sloss Co. 45 L. 1013.

" Where one appears and pleads to a suit, the pleading has the effect of curing want of citation, or defective citation". Allen vs. Henley, 13o L. 861.

For the reasons herein assigned, it is ordered, adjudged and decreed, that  the judgment rendered by the lower Court, be, and the same is hereby reversed and this case remanded to the lower Court, there to be proceeded with in accordane with the views herein expressed and according to law. Costs of appeal in this Court to be paid by defendants, costs of the lower Court to await final decision in the case.

-Reversed and Remanded-.